

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DELILAH P.,

Plaintiff,

v.

FRANK BISIGNANO, Acting Commissioner of Social Security,

Defendant.

Case No.:  25-cv-00320-DMS-JLB

**ORDER GRANTING JOINT MOTION FOR ATTORNEYS' FEES**

**[ECF No. 20]**

Pending before the Court is the parties' joint motion to award attorneys' fees and costs to Plaintiff.  (Mot., ECF No. 20.)  Plaintiff sought judicial review of the Commissioner of Social Security's denial of her applications for disability insurance benefits and supplemental security income.  The Court granted Plaintiff's merits brief, reversed the Commissioner's decision, and remanded the matter to the agency for further action.  (ECF No. 19.)  Plaintiff seeks $8,000 in attorneys' fees and $405 in costs, which reflects a compromise between Plaintiff and the Commissioner.  (Mot. 1–2.)

Under the Equal Access to Justice Act ("EAJA"),

a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action,

1

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Attorneys' fees awarded under EAJA must be reasonable.  *See id.* § 2412(d)(2)(A).  A district court "always retain[s] substantial discretion in fixing the amount of an EAJA award."  *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).  "In determining whether a fee is reasonable, the Court considers, among other things, the hours expended, the reasonable hourly rate, and the results obtained."  *Tran v. Kijakazi*, No. 17-CV-02521, 2022 WL 17972160 (S.D. Cal. Aug. 19, 2022).  A party seeking an award of fees and costs must file an application "within thirty days of final judgment in the action."  28 U.S.C. § 2412 (d)(1)(B).

Here, the Commissioner neither contests that Plaintiff was the prevailing party nor argues that its position was "substantially justified" or that special circumstances make an award unjust.  Plaintiff's counsel submits a timesheet documenting 33.9 hours[1] of work in 2025, at a rate of $258.46 per hour,[2] for a total of $8,761.94 in attorneys' fees plus $405 in costs.  (ECF No. 20-2.)  In lieu of this total, the parties stipulate to a slightly lower award of $8,000 in attorneys' fees plus $405 in costs.  The Court finds that the award sought is reasonable.  Accordingly, the Court **GRANTS** the parties' joint motion and **AWARDS** $8,000 in attorneys' fees and $405.00.  This award is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States.

**IT IS SO ORDERED.**

Dated:  April 21, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

---

[1] The timesheet states counsel worked 32.9 hours, but the sum of the itemized entries total 33.9 hours.

[2] Hourly rate is set by the Ninth Circuit.  *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Cts. For the Ninth. Cir., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

25-cv-00320-DMS-JLB